IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,038-01






EX PARTE CHARLES JASON BENEDICT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 380-82018-06 IN THE 366TH JUDICIAL DISTRICT COURT


FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of
aggravated sexual assault of a child and sentenced to three consecutive life sentences. The Fifth
Court of Appeals affirmed his conviction. Benedict v. State, No. 05-07-01384-CR (Tex. App. -
Dallas, December 15, 2008, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel withheld information about the search and arrest warrants during plea negotiations, causing
Applicant to decline plea offers which he would have otherwise accepted. Applicant also alleges
that counsel failed to object on the ground that the search warrants were untimely returned to the
issuing court, that counsel failed to challenge Applicant's statements at the scene of the search on
Fifth Amendment grounds, and that counsel failed to raise a challenge to the validity of the probable
cause affidavits given in support of the search and arrest warrants.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 7, 2011

Do not publish